**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andre McRae, | No. CV-20-00510-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| Barbara von Blanckensee, | |
| Defendant. | |

On May 12, 2021, Magistrate Judge Maria S. Aguilera issued a Report and Recommendation ("R&R") (Doc. 32), recommending that this Court dismiss Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 without prejudice for lack of subject matter jurisdiction. The R&R further recommended that Petitioner's Motion to Hold Case in Abeyance (Doc. 29) be denied. Petitioner timely filed an Objection to the R&R (Doc. 34), to which Respondent responded (Doc. 35). For the following reasons, the Objection will be overruled and the R&R will be adopted in full.

**I.  Background**

Petitioner McRae, who is currently incarcerated at the United State Penitentiary ("USP") in Thomson, Illinois, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging that prison officials violated his due process rights during disciplinary proceedings held while he was incarcerated in USP-Tucson in Tucson,

Arizona. (Docs. 1, 32.) Petitioner was incarcerated in USP-Tucson from January 8, 2020 to January 14, 2021. (Doc. 22.) In April 2020, Petitioner was charged with possessing drugs in USP-Tucson after a prison official found a substance during a search of his property that tested positive for illicit drugs. (*Id*. at 2.) The Unit Discipline Committee ("UDC"), which reviews alleged inmate infractions, referred the matter to a Discipline Hearing Officer ("DHO"), who then held a disciplinary hearing. (*Id*. at 2-3; *see also* Doc. 32 at 1-2.) The DHO determined that Petitioner had possessed drugs and sanctioned him with the loss of 41 days of good conduct time, 30 days of disciplinary segregation, and 180 days without phone and visitation privileges. (Docs. 32 at 2.) A few months later, the incident report was rewritten and again referred to a DHO, who again concluded that Petitioner had committed the infraction and reinstated the prior sanctions against him. (*Id*.)

Petitioner appealed that decision by filing a Regional Administrative Remedy Appeal on December 3, 2020. (Doc. 22 at 5.) The Regional Director denied the appeal on January 6, 2021 and Petitioner did not appeal the denial. (*Id*.) After becoming aware of new information, the Regional Director again reviewed the appeal and informed Petitioner that the incident report would be rewritten and reprocessed. (*Id*.) The Regional Director informed Petitioner of his right to appeal if the new disciplinary hearing resulted in sanctions against him. (*Id*.) As a result, Petitioner's prior drug possession conviction was expunged from his disciplinary record, his good conduct time was restored, and he is awaiting a new DHO hearing at USP-Thomson. (Doc. 22 at 7; Doc. 32 at 3, 5; *see also* Docs. 29, 33.)

The R&R determines that Petitioner's claims are not ripe for review because he is seeking to challenge the results of the upcoming DHO hearing that has not yet occurred. (Doc. 32 at 3.) The R&R further finds Petitioner's claims moot to the extent that he seeks relief for due process violations that occurred during his previous disciplinary hearings, because the disciplinary conviction has already been expunged, his good conduct time restored, and the disciplinary segregation and temporary loss of phone and visitation

privileges he suffered cannot be redressed by a favorable ruling. (*Id*. at 3, 5.) Thus, the R&R finds that the Court lacks subject matter jurisdiction over Petitioner's claims and recommends denying the Petition on that basis. (*Id*. at 6.)

## II. Standard of Review

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *see also Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

Where objections raised "are repetitive of the arguments already made to the magistrate judge, a de novo review is unwarranted." *Vega-Feliciano v. Doctors' Ctr. Hosp., Inc.*, 100 F. Supp. 3d 113, 116 (D.P.R. 2015) (internal citation omitted); *see also Camardo v. Gen. Motors Hourly–Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to . . . submit[] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R&R.")).

## III. Analysis

Petitioner's Objection raises several arguments, many of which Magistrate Judge Aguilera addressed in her R&R. The Court declines to consider arguments that the magistrate judge has already heard, considered, and decided. *Vega-Feliciano*, 100 F. Supp. 3d at 116. Thus, this analysis will address only those objections properly raised to this Court. 28 U.S.C. § 636(b)(1).

First, Petitioner objects that this Court retains jurisdiction over his Petition because the incident report number for the upcoming disciplinary hearing is the same incident report number for which his conviction was expunged and sanctions reversed. (Doc. 34 at 3.) However, this argument fails to address the doctrines of ripeness or mootness and fails to explain why they should not apply to his claims. The fact that the incident report number has remained the same does not implicate the liberty interests at stake in the disciplinary hearing that give rise to a Due Process claim. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (loss of good time credits implicates the Due Process Clause). In other words, the fact that the incident report number has remained the same across the disciplinary hearings does not affect Magistrate Judge Aguilera's analysis of Petitioner's claims.

Next, Petitioner objects to the R&R's recommendation that this Court deny his Motion to Hold Case in Abeyance. (Doc. 34 at 4.) Petitioner disputes Magistrate Judge Aguilera's conclusion that his claim is not ripe, stating that he filed the Motion to Hold Case in Abeyance so that this Court would retain jurisdiction over the matter. (*Id*.) Petitioner's argument does not address the legal basis for the R&R's conclusion that his claims are unripe. The mere possibility that the Court could hold his case in abeyance pending the outcome of his upcoming disciplinary hearing does not show that, as a matter of law, the Court could or should do so. As the R&R correctly found, "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." (Doc. 32 at 3); *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation and citation omitted). Holding a case in abeyance does not confer on the Court jurisdiction that it does not have. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559-60 (1992) (Article III limits jurisdiction to actual cases and controversies).

Lastly, the Court notes that nothing prevents Petitioner from challenging the result of the upcoming disciplinary hearing if it is unfavorable. (*See* Doc. 32 at 4.) Petitioner has demonstrated his ability to engage in the prison grievance process required for

administrative exhaustion, as well as his ability to litigate in federal court. As Petitioner is now incarcerated in USP-Thomson, any due process challenges to a new disciplinary conviction must be presented to the United States District Court for the Northern District of Illinois. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (habeas claims challenging the execution of a sentence pursuant to § 2241 must be brought in the custodial court).

The Court has reviewed Magistrate Judge Aguilera's R&R, the parties' briefs, and the record. The Court agrees with Magistrate Judge Aguilera's R&R.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 32) is **accepted and adopted in full**.

**IT IS FURTHER ORDERED** that Petitioner's Objection (Doc. 34) is **overruled**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Hold Case in Abeyance (Doc. 29) is **denied**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **dismissed without prejudice**. The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 29th day of June, 2021.

_____
Honorable Rosemary Márquez
United States District Judge